In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00104-CV
______________________________


BENSON WHITE, ET AL., Appellants
 
V.
 
CLAUDE RANDALL BAGLEY AND RITA BAGLEY, Appellees
 


                                              

On Appeal from the 123rd Judicial District Court
Panola County, Texas
Trial Court No. 2003-A-079


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION
 
            Benson White, Lenson White, Edgar White, T. C. Gray, Jr., Virgina Blade, Raymond
Strong, Jr., Ezra Strong, Jimmy Ruth Strong, Maxine Stephenson, Nobia Finner, Vicki Anderson
Byrd, Rita Joyce Parker, Keith Barnes, Bridgette Copprue, Herbert Earl Robinson, Johnny Roy
Robinson, Reginald Gray, and Thomas Johnson (collectively White) attempt to appeal the trial
court's judgment in this case. White has filed a notice of appeal and a motion for extension of time
to file a notice of appeal. Claude Randall Bagley and Rita Bagley, appellees, have filed a motion to
dismiss the appeal. The issue before us is whether White timely filed the motion for extension of
time and a notice of appeal. We conclude both the motion for extension and notice of appeal are
untimely and dismiss the attempted appeal for want of jurisdiction.
            On April 29, 2005, the trial court signed the judgment being appealed. White then timely
filed a motion for new trial, which the trial court denied. However, White did not file a notice of
appeal until August 15, 2005. On August 16, 2005, White mailed to this Court a motion for
extension of time to file a notice of appeal.



            A timely notice of appeal is necessary to invoke this Court's jurisdiction. See Verburgt v.
Dorner, 959 S.W.2d 615, 616 (Tex. 1997). Under Rule 26.1 of the Texas Rules of Appellate
Procedure, a party's notice of appeal is timely if filed within ninety days after the day the trial court's
judgment is signed, when the party timely filed a motion for new trial. Tex. R. App. P. 26.1(a). The
last date on which White could timely file a notice of appeal was July 28, 2005—ninety days after
the day the trial court signed its judgment. See id. However, White did not file a notice of appeal
until August 15, 2005.
            Rule 26.3 of the Texas Rules of Appellate Procedure provides that we may extend the time
to file the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal," the
party files a notice of appeal in the trial court and a motion for extension with this Court. Tex. R.
App. P. 26.3. "[O]nce the period for granting a motion for extension of time under Rule 41(a)(2)
[now Rule 26.3 of the Texas Rules of Appellate Procedure] has passed, a party can no longer invoke
the appellate court's jurisdiction." Verburgt, 959 S.W.2d at 617. The last day White could have filed
for an extension was Friday, August 12, 2005. The notice of appeal was not filed until the following
Monday, August 15, 2005.


 Because White failed to file a notice of appeal and a motion for
extension within fifteen days of the last day for timely filing a notice of appeal, we lack jurisdiction
to grant an extension. 
            White has failed to perfect an appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          August 23, 2005
Date Decided:             August 24, 2005